IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| RICK and LORETTA SUE ROBERTS, ) | |
| ) | CASE NO. BK10-40159-TLS |
| Debtor(s). ) | A10-4097-TLS |
| RICHARD P. GARDEN, JR., Trustee, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| CENTRAL NEBRASKA HOUSING CORP.; ) | |
| PINNACLE BANK OF NEWCASTLE, ) | |
| WYOMING; SECURITY FIRST BANK; ) | |
| RICK ROBERTS; LORETTA SUE ) | |
| ROBERTS; UNVERZAGT FEED LOT; ) | |
| COLJO INVESTMENTS, LLC; JOHN ) | |
| ZAPATA; and PINNACLE BANK, ) | |
| ) | |
| Defendants. ) | |

## ORDER

     This matter is before the court on the trustee's motion for summary judgment (Fil. No. 50) and motions for partial summary judgment by Central Nebraska Housing Corp. (Fil. No. 30) and Rick and Loretta Roberts (Fil. No. 39). Joe M. Hawbaker represents the debtors; Richard P. Garden, Jr., represents himself as trustee of the deed of trust; Michael J. Whaley represents Central Nebraska Housing Corp.; James M. Carney represents Pinnacle Bank of Newcastle, WY; and David W. Pederson represents Security First Bank. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motions were taken under advisement without oral arguments.

     The debtors filed their Chapter 7 bankruptcy petition on January 22, 2010. They owned a parcel of land in Sheridan County, Nebraska, that was subject to a deed of trust held by Central Nebraska Housing Corp. The housing corporation obtained relief from the automatic stay and held a trustee's sale on November 25, 2010. The trustee collected $166,500 for the property, although there is some dispute as to the appropriateness of the sale. There are competing demands to the property and to the proceeds, so the trustee filed this interpleader action to reform mistakes in the legal description, and to quiet title among the parties claiming an interest.

As a threshold matter, the court must address its subject matter jurisdiction. This interpleader complaint was filed pursuant to 28 U.S.C. § 1335[1] and Federal Rule of Civil Procedure 22[2]. Section 1335 gives the district court original jurisdiction over interpleaders based on diversity jurisdiction.

---

[1] § 1335. Interpleader

    (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

        (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if

        (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

    (b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

[2] Rule 22. Interpleader

    (a) GROUNDS.

        (1) By a Plaintiff. Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:

            (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or

            (B) the plaintiff denies liability in whole or in part to any or all of the claimants.

        . . .

    (b) RELATION TO OTHER RULES AND STATUTES. This rule supplements – and does not limit – the joinder of parties allowed by Rule 20. The remedy this rule provides is in addition to – and does not supersede or limit – the remedy provided by 28 U.S.C. §§ 1335, 1397, and 2361. An action under those statutes must be conducted under these rules.

In contrast, the bankruptcy court's jurisdiction stems from § 1334 and covers all civil proceedings arising under title 11, or arising in or related to cases under title 11. Unlike cases such as *Safeco Ins. Co. v. Farmland Indus., Inc. (In re Farmland Indus., Inc.)*, 296 B.R. 793 (B.A.P. 8th Cir. 2003), where an interpleader action in a Chapter 11 case was found to be "related to" the bankruptcy case because it "could alter Debtor's liabilities and impact upon the handling and administration of the bankrupt estate," *id.* at 808, this case is a Chapter 7 case in which the debtors have received a discharge. The fight here is between the deed of trust trustee and two bidders over the validity of the sale, and among the various creditors claiming an interest in the proceeds of the sale. The outcome of the litigation is unlikely to affect the administration of the bankruptcy estate, other than the possibility that if the sale for $166,500 is set aside, the debtors may lose a portion of their homestead exemption, which the bankruptcy trustee would then claim for administration and distribution. Because the matter does not arise under title 11 (*i.e.*, it does not invoke substantive rights created by bankruptcy law) or in a case under title 11 (*i.e.*, it is not an action that would not exist outside of bankruptcy), nor is it related to a case under title 11, the bankruptcy court lacks jurisdiction to hear it.

Moreover, the United States Supreme Court has recently made clear that bankruptcy courts should refrain from impinging upon the exclusive jurisdiction of the Article III courts by entering judgments on state law claims involving non-debtor third parties. *Stern v. Marshall*, ___ U.S. ___, 131 S. Ct. 2594 (2011). "Property interests are created and defined by state law, and unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." Slip op. at 30 (quoting *Travelers Cas. & Sur. Co. of Am. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 451 (2007)).

The property interests of the respective parties in this case can be determined by the federal district court, which presumably has the proper jurisdiction of this matter. If the outcome results in the availability of assets for distribution, the bankruptcy trustee can bring it to this court's attention. Because this court lacks jurisdiction over this complaint, the case will be sent to the United States District Court for the District of Nebraska for all further proceedings.

IT IS ORDERED: The bankruptcy court lacks subject matter jurisdiction over the interpleader complaint. The clerk is requested to close this case and transfer the file to the United States District Court for the District of Nebraska for all further proceedings.

DATED:  July 19, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Joe M. Hawbaker        *Richard P. Garden, Jr.,
    *Michael J. Whaley        James M. Carney
    David W. Pederson        U.S. Trustee
Movant (*) is responsible for giving notice to other parties if required by rule or statute.